1  DAVID L. ANDERSON (CABN 149604)
   United States Attorney
2
   HALLIE HOFFMAN (CABN 210020)
3  Chief, Criminal Division

4  MICHAEL A. RODRIGUEZ (NYBN 4938262)
   Assistant United States Attorney
5
        450 Golden Gate Avenue, Box 36055
6       San Francisco, California 94102-3495
        Telephone: (415) 436-7146
7       FAX: (415) 436-7234
        michael.rodriguez@usdoj.gov
8
   Attorneys for United States of America
9

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO.: CR 19-420 RS |
| Plaintiff, | |
| v. | |
| RAMON RODRIGUEZ MARTINEZ, | [~~PROPOSED~~] DETENTION ORDER |
| a/k/a Ramon Martinez Rodriguez, | |
| Defendant. | |

On September 5, 2019, an Indictment was filed in the Northern District of California charging Ramon Rodriguez Martinez, a/k/a Ramon Martinez Rodriguez, with one count of violating Title 8, United States Code, Sections 1326 (a) and (b)(2) – Illegal Reentry Following Removal.

On September 9, 2019, the defendant appeared before the Honorable Joseph C. Spero for arraignment on the Indictment and for a detention hearing. Mr. Rodriguez Martinez was represented by Assistant Federal Public Defender Sophia Whiting, and Assistant United States Attorney Michael A. Rodriguez represented the United States. At this detention hearing, Pretrial Services submitted a report

1

recommending that the defendant be detained on the grounds of risk of non-appearance and danger to the community. The government moved for detention and the defendant opposed. The parties submitted proffers and arguments in support of their positions.

Upon consideration of the court file and the parties' proffers at the detention hearing, the Court finds by a preponderance of the evidence that no combination of conditions will reasonably assure the defendant's appearance as required and by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of the community. Accordingly, the Court orders the defendant detained pending trial.

This Order supplement the Court's finding at the detention hearing and serves as written findings of fact and statement of reasons as required by Title 18, United States Code, Section 3142(f).

The Bail Reform Act of 1984 sets forth the factors the Court must consider in determining whether pretrial detention is warranted. In coming to its decision, the Court has considered those factors, paraphrased below:

(1) the nature and seriousness of the offense charged;

(2) the weight of the evidence against the person;

(3) the history and characteristics of the person including, among other considerations, ties to the community, employment, past conduct and criminal history, and record of court appearances; and,

(4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

*See* 18 U.S.C. § 3142(g).

After considering all of the facts and proffers presented at the hearing, including the information contained in the Pretrial Services report, the Court finds, by a preponderance of the evidence, that no condition or combination of conditions will reasonably assure the defendant's appearance as required and, by clear and convincing evidence, that no condition or combination of conditions will reasonably assure the safety of the community, including because of: (1) the defendant's history and characteristics, including that he is a Mexican national without legal status in the United States and that he has been

previously deported from the United States on two prior occasions, and (2) the defendant's criminal history, including his convictions for rape and assault, his multiple arrests for driving under the influence, and his prior felony conviction for illegal reentry into the United States.

Accordingly, pursuant to 18 U.S.C. § 3142(i), IT IS HEREBY ORDERED THAT:

(1) Defendant is committed to the custody of the Attorney General for confinement in a corrections facility;

(2) Defendant be afforded reasonable opportunity for private consultation with his counsel; and

(3) on order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility in which Defendant is confined shall deliver Defendant to an authorized Deputy United States Marshal for the purpose of any appearance in connection with a court proceeding.

This Order is without prejudice to reconsideration at a later date if circumstances change.

IT IS SO ORDERED.

September  10 , 2019  _____
HON. JOSEPH C. SPERO
United States Chief Magistrate Judge